UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARMANE SMITH, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:18-cv-00461-GZS |
| | ) |
| ATHENAHEALTH, INC., | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW
PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff alleges Defendant sent Plaintiff bills for medical services Plaintiff did not receive and did not eliminate the debt after Plaintiff disputed the debt. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of the complaint, I recommend the Court dismiss Plaintiff's complaint.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND** [1]

According to Plaintiff, Defendant sent three bills for podiatry services Plaintiff did not receive. Plaintiff called Defendant twice and mailed two dispute letters, but Defendant did not eliminate the debt. Defendant threatened to send the bills to collections, and Plaintiff is concerned the referral to collections could damage Plaintiff's credit rating. (Complaint at 5.)

Plaintiff cites four statutes as the bases for the claim: (1) Fair Credit Billing Act; (2) Fair Credit Reporting Act; (3) Americans with Disabilities Act; and (4) False Claims Act (alleging Medicaid billing fraud). (*Id.* at 4.)

**DISCUSSION**

*1. Fair Credit Billing Act*

Through the Fair Credit Billing Act (FCBA), Pub. L. No. 93-495, 88 Stat. 1511 (1974) (codified at 15 U.S.C. §§ 1666 – 1666j), Congress amended the Truth in Lending Act (TILA) to "protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018). The FCBA applies only to "open-end consumer credit plans." 15 U.S.C. § 1666 (referencing TILA § 1637). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011); *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012). Plaintiff has not alleged facts that would support a finding that the claim concerns an open-end consumer credit plan. Plaintiff, therefore, has failed to state a claim under the FCBA.

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

## 2. *Fair Credit Reporting Act*

The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), requires that one who reports to credit reporting agencies do not report inaccurate information and that the person or entity undertake "specific duties in the event of a dispute over furnished information." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010). A person or entity that willfully or negligently fails to comply with the FCRA could be liable to the consumer. 15 U.S.C. §§ 1681n(a), 1681o(a), 1681p. For example, a furnisher[2] of information can be liable to a consumer if, after receiving notice from a credit reporting agency of a consumer dispute, the furnisher fails to investigate the dispute, review all relevant information provided by the reporting agency, and report the result to the reporting agency or to all relevant reporting agencies, depending on whether the report verifies or corrects the disputed information. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 – 36 & n.8 (1st Cir. 2010).

Here, Plaintiff has not alleged any facts that would support a claim that Defendant provided inaccurate information to a credit reporting agency, or that Defendant failed to review and report in response to notice of a dispute from a reporting agency. In fact, Plaintiff evidently disputes a debt that has not yet been referred to a credit reporting agency. Plaintiff thus has not asserted an actionable claim under the FCRA.

---

[2] "Any person with relevant data about a consumer's financial activity may voluntarily provide it to a CRA, but '[t]he most common ... furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies.'" *Chiang*, 595 F.3d at 35 (quoting H.R. Rep. 108–263, at 24 (2003)).

### 3. Americans with Disabilities Act

The Americans with Disabilities Act (ADA) "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 372 (2001). Plaintiff has not alleged sufficient facts to establish any of the elements necessary to sustain a claim under the ADA.

### 4. *False Claims Act, Medicare / Medicaid Fraud*

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In an action asserted under the False Claims Act, "if Rule 9(b) is to be adhered to, some indicia of reliability must be given in the complaint to support the allegation of an actual false claim for payment being made to the Government." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003) (emphasis in original) (cited with approval in *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 234 – 35 (1st Cir. 2004)). That is, "[e]vidence of an actual false claim is 'the sine qua non of a False Claims Act violation.'" *Karvelas*, 360 F.3d at 225 (quoting *Clausen*, 290 F.3d at 1311). Plaintiff has not alleged any facts that would support a claim that Defendant defrauded the federal government, or any other person or entity. Plaintiff, therefore, has failed to assert an actionable claim under the False Claims Act for fraudulent billing under the Medicaid program.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2018.