UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHARMANE SMITH, )
)
        Plaintiff, )
)
v. ) Docket no. 1:18-cv-00461-GZS
)
ATHENAHEALTH INC, )
)
)
        Defendant. )

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

Before the Court are Plaintiff Charmane Smith's Motion for Relief from Judgment (ECF No. 11) and Amended Complaint (ECF No. 12). For the reasons briefly outlined herein, the Motion is DENIED.

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed the original *pro se* Complaint (ECF No. 1) in this case on November 6, 2018, and was permitted to proceed in *forma pauperis* (ECF No. 6). In the Complaint, Plaintiff claimed that Defendant Athena Health, Inc. billed Plaintiff for services Plaintiff never received and threatened to send those bills to collections agencies in violation of the Fair Credit Billing Act, the Fair Credit Reporting Act, the Americans with Disabilities Act, and the False Claims Act. On referral, the Magistrate Judge recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted (ECF No. 7). In response, Plaintiff timely filed various objections (ECF No. 8). The Court then reviewed the Magistrate Judge's recommendations together with Plaintiff's objections and entered an order affirming the

Recommended Decision and dismissing the Complaint (ECF No. 9). Less than thirty days later, Plaintiff filed the Motion now at issue.

## II. DISCUSSION

The Plaintiff's Motion for Relief from Judgment contends, citing Federal Rule of Civil Procedure 60(b)(6), that the Court should vacate its earlier judgment for three reasons: (1) the Court failed to offer Plaintiff an opportunity to amend the deficient Complaint before *sua sponte* dismissing it; (2) Plaintiff has obtained new evidence indicating that there are other victims of Defendant's alleged fraudulent billing scheme; and (3) if the pattern of fraudulent billing is not brought to Defendant's attention it will destroy Defendant's business and hurt the medical industry. However, the Court concludes that none of these claims are sufficient to meet Plaintiff's Rule 60(b) burden under the circumstances. Consequently, the Court must deny the Motion.

To succeed on a Rule 60(b) motion a party must demonstrate "at a bare minimum, that [the] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [the moving party] has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Motions brought under 60(b) are committed to the "wide discretion" of the trial court and should be granted only "sparingly." Id. at 19, 20. The rule delineates five specific grounds for relief from judgment, 60(b)(1)-(5), and one "catch-all" ground, 60(b)(6). Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010). Rule 60(b)(6) allows a court to grant relief for "any other reason that justifies relief" and, as the First Circuit has noted, may only be invoked "when none of the first five subsections pertain." Fed. R. Civ. P. 60(b)(6); Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993). As 60(b)(6) is a "catch-all" provision, "its contours are peculiarly malleable" and

incompatible with "hard-and-fast rules." Ungar, 599 F.3d at 84. The Supreme Court has been clear, however, that 60(b)(6) motions should only be granted in "extraordinary circumstances." Buck v. Davis, 137 S. Ct. 759, 772 (2017) (internal citations and quotations omitted).

Initially, the Court notes that Plaintiff's second argument for relief, that Plaintiff has discovered new evidence, falls directly within the ambit of 60(b)(2) and, therefore, must be analyzed within the scope of that rule. See Fed. R. Civ. P. 60(b)(2) (stating that a court may grant relief from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"); Cotto, 993 F.2d at 278. To succeed under 60(b)(2), a party "must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." Karak, 288 F.3d at 20. Here, Plaintiff has offered no such explanation—let alone a convincing one—and, therefore, the 60(b)(2) argument for relief fails. See id.

Plaintiff's remaining two contentions, which may be analyzed under 60(b)(6), are insufficient to justify relief under that provision. See Buck, 137 S. Ct. at 772. As for Plaintiff's argument regarding the lack of opportunity to amend, it is true that before a court may dismiss a complaint under § 1915(e) "some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded." Brown v. Rhode Island, 511 F. App'x. 4, 5 (1st Cir. 2013). Here, in compliance with that rule, the Court afforded Plaintiff both "notice and an opportunity to be heard" before dismissing the Complaint. Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990). The Magistrate Judge's Recommended Decision highlighted the deficiencies in Plaintiff's Complaint and afforded Plaintiff fourteen days to respond through objections, which Plaintiff did. In that period, Plaintiff also had the opportunity to file an amended complaint pursuant to Rule 15(a) but failed to do so. Fed. R. Civ. P. 15(a). Thus, contrary to Plaintiff's assertion, the Court's actions

on this front were neither inappropriate nor created the type of "extraordinary circumstances" necessary to undo a final judgment. Buck, 137 S. Ct. at 772 (internal citations and quotations omitted); see Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (affirming *sua sponte* dismissal of two complaints where magistrate judge's report alerted the plaintiff to deficiencies prior to dismissal and the plaintiff failed to cure them).

As to Plaintiff's third contention, the Court declines to credit it. Such speculation as to the consequences of Defendant's alleged conduct constitutes the kind of hyperbole the Court need not accept as true in a 60(b)(6) motion. See Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 18 (1st Cir. 1992) (noting that in analyzing a 60(b)(6) motion the district court need not credit "the movant's bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade"). Moreover, even if the Court credited this assertion, Plaintiff's showing still would not warrant relief from judgment because none of the contentions in Plaintiff's Motion give the Court reason to believe that the underlying claims are suddenly viable. See id. at 21 (stating that to succeed on a 60(b) motion a moving party "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake"). With all of this in mind, Plaintiff falls well short of the moving party's burden under the relevant provisions of Rule 60(b). See Buck, 137 S. Ct. at 772; Karak, 288 F.3d at 20; Superline, 953 F.2d at 18, 21.

Finally, to the extent Plaintiff's Motion seeks leave to file an amended complaint, the Court considers this request pursuant to Federal Rule of Civil Procedure 15(a). See Cambridge Mut. Ins. Co. v. Patriot Mut. Ins. Co., 323 F. Supp. 2d 108, 110 (D. Me. 2004) ("Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings"). Under this Rule, Plaintiff's request must be rejected. As the First Circuit has explained, "[i]f . . . a motion to amend is filed *after* the entry

of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." Fisher v. Kadant, Inc., 589 F.3d 505, 508 (1st Cir. 2009). The reason for this is that "once judgment has entered, the case is a dead letter, and . . . there is no complaint left to amend." Id. at 509. Thus, because Plaintiff's Motion for Relief from Judgment fails as described above, the Court lacks authority to consider the request to amend.[1] See id.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Relief from Judgment (ECF No. 11) is DENIED.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 28th day of January, 2019.

---

[1] Even if the Court could consider Plaintiff's request to amend, the Court would deny it. "A motion for leave to amend a complaint may be denied, notwithstanding the admonition of Fed. R. Civ. P. 15(a) that leave to amend 'shall be freely given when justice so requires,' if the proposed amendment would be futile." Me. Rubber Intern. v. Envtl. Mgmt. Grp., Inc., 216 F.R.D. 222, 224 (D. Me. 2003) (citing Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995)). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Here, the proposed amendments in the Amended Complaint fail to cure any of the deficiencies in the Complaint outlined by the Recommended Decision. Thus, to allow Plaintiff's request to amend would be futile.